IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06mj33-DRB |
| | ) | |
| KENNETH J. O'BRIEN | ) | |

## ORDER OF DETENTION FOR TRANSFER

At his initial appearance on March 20, 2006, following arrest on an Indictment filed January 26, 2006, in the U.S. District Court for the Eastern District of Michigan, Northern Division, Criminal No. 06-CR-06-20046-BC, the Defendant, Kenneth J. O'Brien, acting with advice of appointed counsel, waived an identity hearing and consented to his return to that District for further proceedings on the indictment.  Defendant requested permission for self-surrender and objected to the recommendation of the pretrial services officer that he be detained and transferred by the United States Marshal.  Accordingly, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court conducted a detention hearing.   After due consideration of the testimonial evidence and relevant facts,  I conclude, as herein explained,  that the  defendant should be detained for transfer to the Eastern District of Michigan for further proceedings on the Indictment and a final determination on Defendant's request to be released pending trial in this case.

### Part I - Findings of Fact

There is a serious risk that the defendant will not appear as required.

### Part II - Written Statement of Reasons for Detention

It is undisputed that the Defendant, age 51,  has no permanent residence within  the Middle District of Alabama, having relocated from Farwell, Michigan, to Selma, Alabama, for employment opportunities about two months ago. He has been living in Selma with a friend, John Stahl, who also moved from Farwell, in April 2005, when his employer relocated to the Selma area. Stahl confirmed Defendant's testimony concerning his residence and employment as a painter in Selma.  Although Stahl reported his willingness to provide a continued residence for Defendant – temporarily pending his return to Michigan – he could not guarantee whether his brother, who resides in the home along with his 16 year old nephew, would be as receptive upon notice of the nature of the charges pending against the defendant.

The nature of the offense is relevant to the court's consideration of the Defendant's risk of flight; a two-count indictment charges him with receipt and possession on or about August 20, 2004, of child pornography, a video containing visual depictions of sexually explicit conduct involving a minor.  The offense is considered a crime of violence and triggers a rebuttable  presumption for detention.  There is no evidence that Defendant has a record for any criminal convictions and he

denied any.

The court appointed counsel for the Defendant based on his affidavit of limited assets in the form of a 1998 Chevrolet valued at $600.00, income solely from his painting job, and monthly expenses approximating his income. He maintains nonetheless that he can secure from work or friends, including Mr. Stahl, sufficient funds to travel by automobile or plane to Michigan. Defense counsel highlights Defendant's cooperation in reporting timely to this court promptly upon a Marshal's visit to advise him of the arrest warrant. There is no evidence that Defendant has attempted to evade Michigan authorities, and, in fact, his testimony is that postal authorities alerted him in August 2004 to the possibility of criminal charges and he remained in Michigan throughout that year and the next year in anticipation. Defendant's conduct may be a positive factor dictating his release after he responds to the Indictment pending in the Eastern District of Michigan. On the issue of ensuring that he will return, in fact, to Michigan for his arraignment, this court finds more compelling the informed judgment of the pretrial services officer that his risk for flight is elevated due to his lack of family ties in the Middle District of Alabama or the Eastern District of Michigan, the nature of the offense indicted, his admitted use of alcohol approximately three times a week, and a post-interview, hand-held drug test which indicted a "presumptive positive" for cocaine.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding. **The United States Marshal shall arrange forthwith for Defendant's transfer to the Eastern District of Michigan for further proceedings**.

DONE THIS 21st day of March, 2006.

                                                    **/s/ Delores R. Boyd**
                                                    DELORES R. BOYD
                                                    UNITED STATES MAGISTRATE JUDGE